[Filed February 7, 1887.]

## CHARLES L. WILLIAMS *v.* JOHN SCHMIDT.

APPEAL FROM JUSTICE'S COURT—NOTICE AND SERVICE BY PARTY.—A party to an action in a justice's court is not authorized to serve or make proof of service of a notice of appeal.

GRANT COUNTY.    Defendant appeals.    Affirmed.

*L. B. Cox*, for Appellant.

*George H. Williams*, for Respondent.

LORD, C. J.—This action was for the recovery of money, commenced in a justice's court, and resulted, after trial, in a judgment in favor of the plaintiff and respondent. The defendant appealed to the circuit court, but his appeal was dismissed ; whereupon he appealed to this court. The ground of dismissal was, that the notice of appeal was served by the defendant Schmidt. This is the only assignment of error which we deem it necessary to consider.

Sec. 517, concerning notices, provides that " service, or deposit in the post office when served by mail, may be made by any person other than the party himself. The proof of service shall be the same as the proof of service of a summons," &c. (Code, 215.) The service of a summons in a justice's court must be made by the sheriff of the county, or his deputy, or a constable of the precinct, or marshal of the town or city in which the court is holden. (Code, p. 463, Chap. 3, Sec. 9.) In the circuit or county court, the summons is served by the sheriff of the county where the defendant is found, or by his deputy, or by a person specially appointed by him, or by the court or judge thereof in which the action is commenced. (Code, Sec. 53.) The proof of the service of summons, &c. (1) if by the sheriff or his deputy, is the certificate of such sheriff or deputy; or, (2) if by any other person, his affidavit thereof, &c. (Code, Sec. 60, Subds. 1 and 2.)

The defendant who served the notice made proof of such service by his affidavit; but the proof of such service must be

made by some one authorized by law to make the service.   In none of the provisions cited is the party to the action—plaintiff or defendant—enumerated or authorized to serve the summons. The sheriff or the court may under the provisions of Sec. 53, *supra*, appoint, specially, a person to serve the summons, and when performed by him, the proof of such service would be his affidavit.   But there is no such provision in reference to the justice's court; and if we should concede the court might, in a proper case, appoint specially a person for this purpose, it would avail nothing here, as there is no such case for our consideration.   Finding, then, that there is no case in which a party to an action, whether plaintiff or defendant, is authorized or can serve a summons, it follows as a consequence that there can be no proof of service by affidavit or otherwise by such party.

Now, the service of a notice of appeal is designed to serve the same purpose as the service of a summons.   In either case, the object is to acquire jurisdiction of the parties, which is accomplished when the summons or notice of appeal is properly served.   And unless expressly provided by statute, the reason which requires some person other than the party himself to serve the summons, applies with equal force to the service of a notice of appeal.   Now the proof of service required by section 517, *supra*, is the same as the proof of service of a summons; that is, when made by the officer, his official certificate, or when made by some person specially appointed, or authorized by law to make such service, his affidavit thereof.   But the section nowhere provides that the party himself to the action may serve the notice.   On the contrary, it seems to me a proper construction of the provision is, that the service must be made by some person other than the party himself.   In a word, that the defendant is not authorized by law to serve the notice of appeal, and that his affidavit thereof of personal service is not competent proof of service.   The analogies of the law all tend in this direction, where not changed by statute.

As before observed, a notice of appeal, like a summons, is designed to serve a similar purpose—to give the party served

notice, or to require him to appear, whereby jurisdiction is acquired. At common law the defendant was brought within the power of the court by the service of the brevia or original writ; but under our system, the same object is accomplished by service of a summons. The summons, therefore, although not running in the name of the state, is in the nature of, and serves the purpose of, the original process at common law. It is said there is no exception to the rule, that original process can never be served by a party to the suit upon his adversary, although the rule is generally not so strict with reference to some other notices, which are regarded as less important. (Wade on Notice, Sec. 1296.) The reason of the rule is, that it is inconsistent with public policy and the impartial administration of justice to permit a party to execute process in his own favor. (*Knott* v. *Jarboe*, 1 Met. [Ky.] 506 ; *Boykin* v. *Edwards*, 21 Ala. 261.) Apply this reasoning to the principle involved here, and it is fatal to the notice of appeal served by the defendant. This point has been expressly determined. In *Marion County* v. *Stanfield et al.*, 8 Iowa, 407, Wright, C. J., said : " An affidavit of one of the defendants and appellants accompanies the notice of appeal to the clerk and appellee, to the effect that he served the same by reading, &c., on a day named. It is objected, and we think properly, that such notice cannot be served and the proof thereof made by the party appealing. Appellants do not claim that such service would be good, independent of the code. That it is not authorized by anything found therein is evident, as we think, from the following sections," &c. As all the points raised went to the jurisdiction, we do not think there was any waiver, and the judgment of the court below must be affirmed.