BROWN v. SUNDBACK et al.

(Second Division.   Nome.   January 31, 1911.)

No. 2241.

APPEAL AND ERROR (§ 654*)—RECORD—AMENDMENTS.

The transcript on appeal in this case does not contain any proof of service of the notice of appeal, nor does the notice of appeal have indorsed thereon proof of service, as required by the Alaska Code.   Upon motion to dismiss the appeal for want of this proof of service, the appellant asked leave to supply or amend the record by affidavit showing due service of notice of appeal within the statutory time.   *Held*, in this case there was no attempted proof of service filed within the statutory period; consequently there is nothing to amend, and this court has no jurisdiction except to dismiss the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2819–2822;  Dec. Dig. § 654.*]

MURANE, District Judge.   The transcript on appeal in this case does not contain any proof of service of the notice of appeal, nor does the notice of appeal have indorsed thereon proof of service as required by the Alaska Code.

The case of Williams v. Schmidt, reported in 14 Or. 470, 13 Pac. 305, holds that the notice of appeal is the same character of process as a summons, both being issued to bring the party within the jurisdiction of the court, and that the statute must be strictly complied with.

Counsel for appellant, after motion was made to dismiss the appeal in this court, wished to supply or amend by making an

affidavit showing due service of notice of appeal within the statutory time, and cites some Oregon cases in support of his contention that such a defect can be cured by amendment.

The case of Barbre v. Goodale, reported in 28 Or. 465, 38 Pac. 67, 43 Pac. 378, is decisive of this question, as will appear from the following language contained in said decision:

"But under the rule in Dolph v. Nickum, 2 Or. 202, and Seeley v. Sabastian, 3 Or. 563, it seems to us the appellant should be allowed to amend the return to conform to the fact. The cases of Briney v. Starr, 6 Or. 207, and Henness v. Wells, 16 Or. 266 [19 Pac. 121], relied upon by respondent, are to the effect that the proof of service must accompany and be filed with the notice of appeal, but in neither of these cases was there any proof or attempted proof of service so filed, and there was therefore nothing to amend, while in the case at bar there was an alleged, though imperfect, proof of service filed with the notice, and hence this case comes within the rule announced in the two cases first cited, and not within the cases relied on by the respondent."

It is plainly to be seen from the language of this decision that the case at bar comes within the rule laid down in Briney v. Starr and Henness v. Wells, for in this case there was no attempted proof of service filed with the notice within the statutory period or with the proper court.

Consequently there is nothing to amend and this court has no jurisdiction except to enter a judgment dismissing the appeal; and it is so ordered.