Argued December 10, 1936; affirmed February 9; rehearing denied
March 9, 1937

## STORM *v.* THOMPSON
### (64 P. (2d) 1309)

Department 2.

*R. A. Imlay,* of Portland (Klepper & Imlay and Robert W. Gilley, all of Portland, on the brief), for appellant.

*Frank C. Hesse,* of Astoria (Hesse & Franciscovich, of Astoria, on the brief), for respondent.

RAND, J. This is an action to recover for an injury sustained by the plaintiff while riding as a guest in defendant's automobile. The accident occurred about midnight on December 7, 1934, on the highway leading from Warrenton to Hammond, and at a point on said highway where the road turns at nearly a right angle. On the evening before the accident, plaintiff and her husband had been visiting in Astoria at the home of the defendant, whose wife is a cousin of plaintiff, and were returning to their home in Hammond in defendant's car. At the time the car was being driven by a brother-in-law of the defendant who was not familiar with the road. The night was dark and there were no signs indicating the approach of the turn. The defendant was in the front seat with the driver and the plaintiff and her husband were seated in the back. Just before reaching the turn, the car was being driven at an estimated speed of some 40 or 45 miles per hour and, when about 100 to 150 feet therefrom, the defendant warned the driver that he was driving too fast and that there was a sharp turn just ahead. The driver applied the brakes but was unable to check the speed of the car sufficiently to make the turn and drove off the side of the road, where the injury was sustained.

The case was tried to a jury and plaintiff had verdict and judgment, and defendant has appealed.

The first question presented is raised by the motion of the plaintiff to dismiss the appeal for want of a valid service of the notice of appeal. This motion was taken under advisement by the court with leave to renew upon final hearing.

The facts in respect to the service of the notice of appeal are as follows: Plaintiff's attorneys reside and maintain their office in the city of Astoria and de-

fendant's attorneys are residents of the city of Portland. One of defendant's attorneys prepared a notice of appeal and attached thereto an affidavit stating that he had made service of the notice by mail. He then directed his stenographer to forward the original with his proof of service to the office of the county clerk for Clatsop county, and to forward by mail a duly certified copy thereof, together with a proposed bill of exceptions, to the office of plaintiff's attorneys in Astoria. Instead of following his instructions and without his knowledge, the stenographer forwarded the certified copy to the plaintiff's attorneys by express and sent the original for filing to the county clerk for Clatsop county with said affidavit attached. On the day next following its delivery to the express company and within the time allowed by law, the package containing said notice of appeal and proposed bill of exceptions was delivered to the office of plaintiff's attorneys in the city of Astoria by an agent of the express company. At the time of its delivery, one of plaintiff's attorneys was in the office and saw the package delivered to his stenographer and saw her receipt for the delivery thereof, and she immediately delivered it to plaintiff's said attorney, who, within a short time thereafter, opened the package and found and read the enclosed certified copy of the notice of appeal. These facts are admitted by the attorneys for plaintiff.

There is no contention that any other requirement of the statute governing appeals has not been complied with and the motion is based solely upon the fact that the service of the notice of appeal was made by an agent of the express company instead of by mail, as erroneously stated in the affidavit attached to the original notice.

■ Our statute prescribes that a party to a judgment or decree desiring to appeal therefrom ''may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place where he or they may be found, and file the original with proof of service indorsed thereon, with the clerk of the court in which the judgment, decree or order is entered.'': Section 7-503, subd. 1, Oregon Code 1930. There is no requirement contained in the statute that the service of such notice shall be made by the party himself or his attorney. The requirement is that he shall cause the same to be served and, under the plain provisions of the statute, the service may be made by the party himself, his attorney, or any qualified and competent third person. From this, it follows that the delivery by the agent of the express company of the notice of appeal, when made under the circumstances disclosed here, constituted a valid service of the notice of appeal.

■■ There is no statute requiring an attorney when served with a notice of appeal to make a written indorsement of his acceptance of the service, although such is the usual practice among lawyers in appeal cases. Delivery alone in such cases constitutes a valid service. The fact, if it is a fact, that the stenographer employed by plaintiff's attorneys had no authority to accept service of a notice of appeal is of no importance since all said acts were done in the office and in the presence of her employer and her authority to do the acts referred to will be implied from the fact of her employment and the nature of the transaction.

■ Nor is there any merit in the contention that the appeal should be dismissed because the affidavit attached to the original notice of appeal, as filed in the

office of the county clerk, erroneously stated, in misapprehension of the facts, that the service had been made by mail. At most, the facts stated in the affidavit, since service had actually been made, constituted merely an imperfect proof of service of the notice of appeal and, as soon as the error was discovered, defendant's attorneys moved to amend the proof of service so as to make such proof conform to the facts. It is well settled in this state that an imperfect proof of service of a notice of appeal may be amended on motion so as to make it conform to the facts: *Barbre v. Goodale*, 28 Or. 465 (38 P. 67, 43 P. 378) ; *Mitchell v. Coach*, 83 Or. 45 (153 P. 478, 162 P. 1058) ; *Northwestern Clearance Company v. Jennings et al.*, 106 Or. 291 (209 P. 875, 210 P. 884). The motion to dismiss the appeal must, therefore, be overruled.

The liability of an owner or operator of an automobile for an injury to a guest while riding in an automobile owned or driven by him is fixed by section 55-1209, Oregon Code 1930, which reads as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others."

■ There was no evidence showing or tending to show that the accident was caused intentionally or that any of the parties in the car were intoxicated. Hence, under this statute, before liability can exist upon the part of the defendant, there must be some substantial evidence tending to show that either he was grossly negligent in the operation of the car or that the automobile

was being operated in a manner or at a rate of speed indicating a reckless disregard upon his part of the rights of the plaintiff.

The statute contains no definition of what constitutes gross negligence in the operation of an automobile. That question has been before this court in numerous cases and no general definition of the term, as used in the statute, applicable to all cases, has or can be found. See *Storla v. S. P. & S. Trans. Co.*, 136 Or. 315 (297 P. 367, 298 P. 1065); *Rauch v. Stecklein*, 142 Or. 286 (20 P. (2d) 387); *Smith v. Laflar*, 143 Or. 65 (20 P. (2d) 391); *Cockerham v. Potts*, 143 Or. 80 (20 P. (2d) 423); *Hartley v. Berg*, 145 Or. 44 (25 P. (2d) 932); *Younger v. Gallagher*, 145 Or. 63 (26 P. (2d) 783); *Monner v. Starker*, 145 Or. 168 (26 P. (2d) 1097); *Monner v. Starker*, 147 Or. 118 (31 P. (2d) 1109); *Dickson v. King*, 151 Or. 512 (49 P. (2d) 367). As was said in *Rice v. City of Portland*, 141 Or. 205 (7 P. (2d) 989, 17 P. (2d) 562):

"Negligence is the absence of care according to the circumstances. * * * Under this definition the same act may be negligent or not negligent, wholly according to its circumstances, for as stated by Beven, 'it is not the act that connotes the negligence but the circumstances.' As said by Bramwell, B., in Degg v. Midland Ry. Co., 1 H. & N. 781: 'There is no absolute or intrinsic negligence; it is always relative to some circumstance of time, place, or person.' See, also, Grand Trunk Ry. Co. v. Ives, supra, where the court said: 'The terms "ordinary care," "reasonable prudence," and such like terms, as applied to the conduct and affairs of men, have a relative significance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence.'"

■ Obviously, therefore, the question in any given case of whether the owner or driver of an automo-

bile should be held liable under our statute for gross negligence in its operation depends upon the particular circumstances of each case and his liability must be determined from all the circumstances surrounding the happening of the accident. This necessarily precludes the possibility of finding a general definition which shall apply in all cases.

■ To establish gross negligence in any case, however, there must be an absence of that ordinary care which, under the circumstances, a prudent man ought to have taken and the evidence must show such a degree of negligence as excludes the slightest degree of care. This conforms, we think, to the previous rulings of· this court. In *Cockerham v. Potts*, supra, Mr. Chief Justice Bean, speaking for the court, said:

"Gross negligence has been defined as the want or absence of or failure to exercise slight care or diligence; the entire absence of care; the want of that care and diligence which even careless, thoughtless or inattentive persons are accustomed to exercise. 45 C.J. 66, section 36."

And in *Gill v. Selling*, 125 Or. 587 (267 P. 812, 58 A. L. R. 1556), this court quoted with approval from 20 R. C. L. 23, as follows:

" 'Gross' negligence, however, is not characterized by inadvertence, but 'by an absence of any care on the part of a person having a duty to perform to avoid inflicting an injury to the personal or property rights of another, by recklessly or wantonly acting or failing to act to avoid such injury, evincing such an utter disregard of consequences as to suggest some degree of intent to cause such injury.' "

■ The evidence in the instant case shows that the driver of the automobile was a competent and experienced driver but that he was not familiar with the

road or with its turns, and this fact was known to the defendant, who was himself familiar with the road and knew the danger of passing or attempting to pass the turn where the accident occurred at a high rate of speed. The night of the accident was very dark but the roadway was dry, and the accident would not have happened had the automobile been driven at a less rate of speed. There were no warning signs in the vicinity of the turn and, before reaching it, the car had passed over a straight roadway for a considerable distance and was being driven, according to defendant's testimony, at some 40 or 45 miles an hour.

The evidence further shows that the defendant was engaged in conversation with plaintiff and her husband and at times had his head turned in their direction. Apparently he was paying no attention to the road or to the location of the car. Just before reaching the turn and about 100 feet therefrom, there was a house with which the defendant was familiar and he knew that within a very short distance therefrom there was a sharp turn which the car would have to pass. Upon seeing the house, he warned the driver that he was driving too fast but this warning came too late to enable the driver to check the speed of the car so as to make the turn in the road and, for that reason, the car was driven off the highway where the accident to plaintiff happened.

■ We cannot say from the facts above stated that all reasonable minds would draw the same conclusion that the defendant was negligent or not negligent, and, if negligent, whether the same amounted to gross negligence. Hence, those questions were not questions of law for the court but were questions of fact for the jury. When the facts are such that reasonable minds

will differ as to whether there was negligence, the determination of the matter is for the jury and it is only where the inference to be drawn from the facts is so plain that all reasonable minds will draw the same conclusion that it becomes a question of law for the court.

For these reasons defendant's motions for nonsuit and for a directed verdict were both properly overruled. The judgment, therefore, is affirmed.

BEAN, C. J., and BELT and BAILEY, JJ., concur.