Submitted on motion of respondent for an order to dismiss appeal
June 13; motion allowed June 20, 1950

## WELCH *v.* ARNEY

219 P. (2d) 1086

IN BANC.

*Theodore R. Conn,* of Lakeview, for the motion.

*Robert L. Welch,* of Lakeview, contra.

LUSK, C. J.

Respondent has moved to dismiss the appeal on the ground that the notice of appeal was served by the appellant himself. He contends that such service by a party to an action or suit is not authorized by statute and is a nullity.

The respondent's position is supported by *Keeley v. Keeley*, 97 Or. 597, 182 P. 490; *Muckle v. Columbia County*, 56 Or. 146, 108 P. 120; and *Williams v. Schmidt*, 14 Or. 470, 13 P. 305. But in *Storm v. Thompson*, 155 Or. 686, 690, 64 P. (2d) 1309, the court said *obiter* that "the service may be made by the party himself, his attorney, or any qualified and competent third person." This apparent conflict makes advisable an expression of our views.

*Williams v. Schmidt* involved an appeal from the Justice's Court to the Circuit Court. The decision in the Justice's Court was against the defendant, who himself served the notice of appeal. The Circuit Court dismissed the appeal and this court affirmed in an opinion by Chief Justice Lord. The court called attention to the provisions of the statute governing the service of notices, which read then as it does now: "The service, or deposit in the postoffice, when served by mail, may be made by any person other than the party himself. The proof of service shall be the same as the proof of service of a summons, and shall be returned with the original notice, or other paper of which service is made, at the time and place therein prescribed for the hearing or other proceeding to be had thereon." § 10-603, O. C. L. A. Referring to those provisions of the statute which designate the persons by whom the service of summons may be made in the Justice's Court

and the Circuit Court, the court said that the proof of service must be made by someone authorized to make the service, and that, since "there is no case in which a party to an action, whether plaintiff or defendant, is authorized or can serve a summons, it follows as a consequence that there can be no proof of service by affidavit or otherwise by such parties." It was further said that " a proper construction of the statute is, that the service must be made by some other person than the party himself" and that "it is inconsistent with public policy and the impartial administration of justice to permit a party to execute process in his own favor." *Marion County v. Stanfield,* 8 Ia. 406, was cited in support of the decision. This ruling was followed in the later cases of *Muckle v. Columbia County* and *Keeley v. Keeley,* without any elaboration of the reasoning. See, also, 4 C. J. S., Appeal and Error, 1067, § 594 b; 3 C. J., Appeal and Error, 1230, § 1334.

In *Storm v. Thompson* the notice of appeal was, through the mistake of a stenographer in an attorney's office, entrusted to an express company, instead of being deposited in the post office. An agent of the express company delivered the notice of appeal to the office of the attorney for the respondent. The court held the service good. At 155 Or. 690 it was said:

> "Our statute prescribes that a party to a judgment or decree desiring to appeal therefrom 'may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place where he or they may be found, and file the original with proof of service indorsed thereon, with the clerk of the court in which the judgment, decree or order is entered.': Section

7-503, subd. 1, Oregon Code 1930 [now § 10-803, O. C. L. A.]. There is no requirement contained in the statute that the service of such notice shall be made by the party himself or his attorney. The requirement is that he shall cause the same to be served and, under the plain provisions of the statute, the service may be made by the party himself, his attorney, or any qualified and competent third person. From this, it follows that the delivery by the agent of the express company of the notice of appeal, when made under the circumstances disclosed here, constituted a valid service of the notice of appeal.''

Since service of the notice of appeal was not attempted to be made by a party in *Storm v. Thompson,* it is plain that the question whether a party is authorized to serve such notice was not involved, and the statement in the opinion that ''the service may be made by the party himself'' is pure dictum. We need express no opinion upon the question of the correctness of the decision itself.

■■■ If § 10-803 could properly be read alone and without reference to § 10-603, there might be justification for the dictum. But clearly, in construing the former section, the provisions of the latter designating the persons who may serve notices and the manner of proof of service, cannot be ignored. The two sections must be read together. *First National Bank v. Wegener,* 94 Or. 318, 323, 181 P. 990, 186 P. 41. Since § 10-803 is silent about who shall serve the notice of appeal, their proper construction is that the party desiring to appeal may ''cause a notice, signed by himself or attorney, to be served'', etc., by some person authorized to make such service as provided by § 10-603. That section, in our opinion, was correctly construed in *Williams v. Schmidt* and the decisions which followed it, and which

hold that a party himself is not authorized to serve a notice. Hence, we disapprove the dictum in *Storm v. Thompson,* and hold that the service in this case was unauthorized by statute and did not confer jurisdiction on this court.

The motion to dismiss is allowed.