On motion to stay proceedings September 29, 1955
Argued January 30, affirmed July 16, petition for rehearing denied August 6, 1958

VEDEN et ux *v.* McFALL et ux

288 P. 2d 217
327 P. 2d 1113

*William Huey* and *Ernest Lundeen,* Eugene, for the motion.

*Yates, Murphy & Carlson* and *Horn & Slocum,* Roseburg, contra.

PER CURIAM.

Appellants (defendants in the court below) have filed a motion for an order staying all proceedings in this cause in the circuit court until the determination of this appeal. The appeal is from a decree of the circuit court granting a money judgment against the defendants and ordering the foreclosure of a chattel mortgage and a real property mortgage for the satisfaction of such judgment. The decree contains a provision that if there should be a deficiency after the exhaustion of the personal and real property no deficiency judgment shall be allowed against any of the defendants.

The motion is supported by an affidavit of one of

the appellants which discloses that the respondents have, since the appeal was perfected, taken proceedings for the enforcement of the decree and are threatening to go forward with such proceedings and consummate the sale of the mortgaged premises, notwithstanding the fact that the appellants have filed a supersedeas bond. The respondents do not deny these charges, but say that they are acting within their rights because the supersedeas bond or undertaking filed by the appellants is defective and therefore legally insufficient to stay the proceedings.

We think that in at least two particulars the undertaking is fatally defective.

■ First, the copy of the undertaking in the transcript discloses that the instrument has been altered in material particulars: twice in the stated value of the use and occupation of the mortgaged premises which the parties to the instrument undertook to pay in the event of affirmance, in accordance with ORS 19.040 (b), and again in the amount in which the surety justified. It is impossible to determine what the correct amounts are. The appellants have offered no explanation of these alterations, although as long ago as last June the same objections were urged by the respondents in support of a motion to dismiss the appeal. For all that appears the alterations may have been made after the instrument was executed. The law does not require the respondents to look to such an instrument as this for security, nor does the instrument entitle the appellants to a stay of execution.

■ Second, the undertaking was served by mail and the proof of service was made by the appellant R. E. McFall, and discloses that he himself deposited a copy of the undertaking in the post office, with postage prepaid, addressed to the attorneys for the respondents.

We recently held that under OCLA § 10.603, now ORS 16.780, service of a notice of appeal by a party to an action or suit is not authorized, and therefore we dismissed an appeal because the service of notice of appeal was so made. *Welch v. Arney*, 189 Or 277, 219 P2d 1086. The same rule applies to an undertaking on appeal, as the requirement of ORS 16.780 that service ''may be made by any person other than the party himself'' comprehends the service of ''notices and other papers'' (see ORS 16.770). An undertaking on appeal has, of course, no validity for any purpose until it has been duly served in the manner prescribed by law.

■ Another objection to the undertaking is that it fails to include a provision, as required by § 19.040 (d), that the appellant will pay any portion of the decree unsatisfied after the sale of the property on which the lien is foreclosed. This objection is not valid because the requirement is only applicable in cases in which there may be a deficiency judgment, and in this case, as previously stated, the decree expressly provides that there should be no judgment entered for any deficiency.

ORS 19.040 (b) provides that the maximum amount which the appellant must pay as the value of the use and occupation of the property in the case of affirmance of the decree shall ''be ascertained and tried by the court or judge thereof.'' The undertaking in this case recites that the amount therein stated (whatever it may be) was ''ascertained and tried by the said court.'' It is not necessary to decide at this time whether the order of the court making such determination should be included in the transcript as a part of the undertaking, but certainly it would be good practice to include it. A recital in the undertaking to that effect is nothing more than a self-serving declaration,

and, without a certified copy of the court's order fixing the amount, this court can have no trustworthy information as to whether such a recital correctly states the fact.

■ The courts cannot grant a stay of proceedings where the statute prescribes the conditions upon which it may be obtained or allowed, in the absence of a compliance with the prescribed conditions. *Helms Groover & Dubber Co. v. Copenhagen,* 93 Or 410, 416, 177 P 935. The appellants' motion will, therefore, be denied; if, however, they desire to apply to this court for leave to file a valid undertaking the court will consider such an application.

204

*Ernest Lundeen,* Eugene, argued the cause for appellants. With him on the brief were William Huey, Eugene, and William D. Green, Jr., Roseburg.

Horn and Slocum and Yates, Murphy & Carlson, Roseburg, filed a brief for respondents.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER*, Justices.

PER CURIAM.

This is a suit to foreclose a chattel mortgage and a real estate mortgage executed by the defendants to secure the payment of a promissory note for $20,000. The chattel mortgage covered motor vehicles used in the business of a concern known as P & B Towing. The defendants had purchased this equipment and the good will of the business from the plaintiffs for $20,000. There was no down payment, and the promissory note represented the full purchase price. The real estate mortgage was executed by the defendants as additional security.

The defendants defaulted when the first payment on the promissory note became due. Their defense to this suit is that the plaintiffs induced them to purchase the equipment and business by false representations as to the income of the business and the condition of the equipment. The late A. N. Orcutt, judge pro tem, a lawyer of long experience and recognized ability, after seeing the witnesses and hearing them testify, concluded that the charges of fraud were not estab-- lished and filed an admirably prepared opinion stating his reasons for that conclusion, and entered a

* Resigned March 1, 1958.

decree for the plaintiffs from which this appeal is taken.

■ We agree with the circuit court judge as to the facts and also with his refusal to permit an amendment of the answer after the case had been submitted and with his denial of an application to open up the case after entry of the decree.

There is no merit in this appeal, and the decree is affirmed.