Motion to dismiss, January 14, allowed as to Diana B. Curtis, denied as to Louis R. Curtis, March 13, dismissed per rule 23, June 18, 1963

## CURTIS ET UX v. STONE ET AL

379 P. 2d 551

On respondents' motion to dismiss appeal.

Ronald L. Reilly, Portland, for the motion.

MOTION DENIED AS TO LOUIS R. CURTIS AND ALLOWED AS TO DIANA B. CURTIS.

ROSSMAN, J.

The appeal by the plaintiffs, husband and wife, has met with a motion for its dismissal which was made by the defendants-respondents.

■ Since the wife, one of the would-be appellants, did not sign the notice of appeal and since no one signed for her, the motion to dismiss as to her is allowed.

The husband, Louis R. Curtis, who was a plaintiff and is now an appellant, is not a member of the legal profession but is conducting the appeal himself. In making service of the notice of appeal he resorted to the mail. His proof of service reads in part:

"I hereby certify that I served the foregoing Notice of Appeal and Designation of Record on * * * on the 31st day of Dec., 1962, by mailing to him a true and correct copy thereof, certified by me as such. I further certify that said copy was placed in a sealed envelope addressed to * * * and deposited in the post office at * * * on * * * and that the postage thereon was prepaid."

■ The motion to dismiss Curtis' (the husband's) appeal is based in part upon a contention that a party cannot himself make service of a notice of appeal through the mail. That contention is based upon ORS 16.780 which is a part of a chapter of our laws entitled "Pleadings; Motions; Orders; Process; Notices; Papers." It is not a part of our laws which we commonly deem as our appeal statutes. The latter is chapter 19 and bears the chapter heading "Appeals."

ORS 16.780 reads:

"The service, or when served by mail, the deposit in the post office, may be made by any person other than the party himself * * *."

The provision just quoted does not refer by name to a notice of appeal. It is claimed, however, that it is rendered applicable to the service of a notice of appeal by ORS 19.104 which reads:

"Except as otherwise provided in ORS 19.023

to 19.190, where ORS 19.023 to 19.190 require any paper to be served and filed, the paper shall be served in the manner provided in ORS 16.780 to 16.800 * * *."

ORS 19.023 provides:

"(1) An appeal to the Supreme Court shall be taken in the manner prescribed in ORS 19.023 to 19.190.

"(2) A party to a judgment desiring to appeal therefrom, or some specified part thereof, shall cause a notice, signed by himself or his attorney, to be served on such adverse party or parties as have appeared in the action, suit or proceeding and file the original, with proof of service indorsed thereon or affixed thereto, with the clerk."

It will be noticed that the section of our laws just quoted authorizes the party himself to "cause a notice, signed by himself or his attorney, to be served on such adverse party or parties * * *." It seems reasonable to infer that when a party may "cause" something to be done he is authorized to do it himself. The section just quoted certainly does not prohibit the party from doing it himself. If there could be any doubts upon that phase of the case they are dispelled by ORS 19.026 which specifies the time for serving and filing the notice of appeal. Subdivision 2 of that section says:

"(2) Where any party has served and filed a motion for a new trial or a motion for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days * * *."

Then subdivision 3 of the section provides:

"(3) Any other party desiring to appeal may serve and file his notice of appeal within 10 days after * * *."

Thus, in making provision for "any other party" the words "shall cause" were omitted. If those words prohibit the first appellant from depositing in the post office a notice of appeal, no reason is apparent for enabling "any other party" to do so. Since every other party "may serve and file his notice of appeal" it would be unreasonable and unjust to hold that the first appellant is prohibited from serving his.

The section of our laws just quoted is a clear indication that a party may today serve and file the notice of appeal in his case.

Before Oregon Laws 1959, Chapter 558, page 984, which is now ORS 19.005 through 19.190, was adopted, *Williams v. Schmidt,* 14 Or 470, 13 P 305; *Muckle v. Columbia County,* 56 Or 146, 108 P 120; *Keeley v. Keeley,* 97 Or 597, 192 P 490; and *Welch v. Arney,* 189 Or 277, 219 P2d 1086, held that an appellant cannot himself serve a notice of appeal. But the 1959 measure effected material changes to our appellate practice, including changes in the manner in which a notice of appeal may be served. The decisions just cited were faithful to the statutory law of their day, but the 1959 act authorizes, as we have seen, the original appellant to "cause a notice * * * to be served" on the adverse party, and continuing, enables "any other party * * * to serve and file his notice of appeal." We must, therefore, rule that the decisions just cited no longer reflect the statutory law governing the right of an appellant to serve a notice of appeal. Under the provisions of the 1959 measure an appellant may serve and file in his own case the notice of appeal.

The motion to dismiss the appeal is denied as to Louis R. Curtis and allowed as to Diana B. Curtis.