# Richmond.

## SEAMSTER AND ALS. V. BLACKSTOCK AND ALS.

### APRIL 21st, 1887.

1. JUDGMENTS—*Jurisdiction— Collateral   Impeachment.*—Jurisdiction of subject matter and parties is essential to conclusiveness of judgments or decrees.   A court may rightfully obtain jurisdiction, and its decrees may be void, because, in the progress of the cause, it has exceeded its jurisdiction.   In such cases the decrees may be attacked directly or collaterally.   *Wade* v. *Hancock*, 76 Va. 620.

2. IDEM—*County court—Dower—Sale for partition.*—Where in widow's suit in county court, in 1862, for sole purpose of having her dower assigned, the court, after assigning dower, of its own accord decreed sale of residue of the land for division of the proceeds among the infant heirs, they being parties to the suit.   The dividend of each heir exceeding $300, the county court transcended its jurisdiction, and its decree of sale was void.   Code 1860, p. 581, ¿ 3.

3 IDEM—*Circuit court—Res judicata.*—Where, after the suit was removed to circuit court, the heirs filed in 1876 petition to rehear and avoid the decree of county court for want of jurisdiction, decree of circuit court dismissing petition makes not the matters alleged therein *res judicata.*

4. EJECTMENT—*Equitable defenses—Case at bar.*—In 1880, B. and the other heirs brought ejectment against 'S. and others claiming under the purchaser at the sale made under decree of county court for the land. Defendants relied on the proceedings in the chancery suit as defense.

HELD :

Those proceedings are void and no bar to the action.

Error to judgment of circuit court of Halifax county, rendered November 12th, 1884, in an action of ejectment, wherein John J., Elijah G., Charles H. and David A. Blackstock and Henry Seamster and Sarah C., his wife, were plaintiffs, and John Seamster, Martha Blackstock and

Williamson Canada were defendants. The defendants pleaded not guilty, and gave notice of equitable defenses under Code 1873, ch. 131, §§ 20 and 21. The jury returned a special verdict, upon which judgment was rendered for the plaintiffs. Whereupon the defendants obtained a writ of error and *supersedeas.* Opinion states the case.

*W. R. Barksdale, W. W. Henry,* and *H. Edmunds,* for the plaintiffs in error.

*John W. Riely,* for the defendants in error.

RICHARDSON, J., delivered the opinion of the court.

The plaintiffs, the defendants in error here, are the heirs at law of William Blackstock, who died intestate, in 1861, and they claim as such heirs. The defendants claim title through and under one Allen Conner, now deceased, who purchased the land in controversy under a decree of the county court of Halifax county in 1862. No conveyance, however, appears to have been made to the purchaser, or ordered by the court. The sale was made in a certain chancery suit, which was brought in the said county court, in 1862, by the widow of the said William Blackstock, deceased, for the sole purpose of having assignment of her dower in the lands of her said deceased husband. At the time the suit was brought, and when the sale above mentioned was made, the heirs at law of the decedent were infants, and they were made defendants to the bill. The single object of the suit was the assignment of the widow's dower in the land mentioned in the bill. The court, however, not only directed that the dower be assigned, but apparently, *sponte sua,* decreed a sale of the residue of the land, which was made to Conner as aforesaid, who duly paid the purchase money in full. The money, except the

share of one of the heirs, was subsequently invested, under an order of the court, in Confederate securities, and of course was lost by the result of the war. The principal question presented for decision is as to the effect of the proceedings in the said chancery suit. The defendants relied on the record of those proceedings upon the trial in the court below, as evidence in part of an equitable title on their part which, they insisted, constituted a bar to the plaintiffs' recovery. The circuit court, however, held otherwise, and gave judgment on the special verdict for the plaintiffs.

The plaintiffs, the defendants in error, contend on the other hand, that the record so relied on by the defendants, the plaintiffs in error here, is without any effect in the present action,.for two reasons, to wit: 1st. Because the provisions of the Code, above-mentioned, do not apply to judicial sales, but only to contracts of sale made directly by "a vendor" to "a vendee," who acts without the compulsion of an order or decree of a court. 2d. Because the decrees and proceedings relied on are *void.*

Passing by the first of these questions as unnecessary to to be decided, we will consider the second.

It is an elementary principle in our jurisprudence, that jurisdiction of the subject-matter and the parties is essential to the conclusiveness of a judgment or decree. And though a court may obtain jurisdiction rightfully, yet its decrees may be void, because, in the progress of the cause, it has exceeded its jurisdiction. The adjudged cases furnish numerous examples of this kind. Thus, where a bill is filed to sell a certain lot, and a decree is entered for the sale of another and different lot, not named in the bill, and to which the bill has no relation, such decree, as respects the last mentioned lot, is a nullity. This principle is illustrated by the case of *Wade* v. *Hancock,* 76 Va. 620. In that case it was held that in summary proceedings under

the ninth section of chapter 76 of the Code of 1873, the circuit courts of the State have jurisdiction to appoint, change, and remove church trustees, but not to determine *how* they shall administer their trust; and accordingly, the judgment complained of was held *void*, because in pronouncing it the court had exceeded its. jurisdiction. In delivering the opinion of the court, Burks, J., cites with approbation, the case of *ex parte* Lange, 18 Wall. 163, in which this question is discussed with much learning and ability by Mr. Justice Miller, in delivering the opinion of the supreme court of the United States. See also 7 Rob. Pr. 107, *et seq.,* where numerous cases to the same effect are referred to. The application of these principles is decisive of the present case. Here, the county court in discussing a sale of the residue of the land, after allotting the widow's dower, went far beyond the case made by the bill, or any thing contemplated thereby, and plainly exceeded its. jurisdiction, the result of which is, the proceedings under the decree of sale are void, and may be attacked collaterally. Various irregularities are alleged to have occurred in the proceedings in the county court, but it is unnecessary to make particular reference to them here, because even if the decree of sale had been consistent with the averments and prayer of the bill, and in other respects regular, yet the decree would have been void, since the statute, as it then was, prohibited the county courts from decreeing a sale of land for partition when the interest of any party exceeded in value the sum of three hundred dollars. Code 1860, p. 581, § 3. And here the record affirmatively shows. that the interest of each party exceeded in value that sum.

It appears, however, that in 1876, the suit was transferred from the county to the circuit court of Halifax county, and that after its removal, the plaintiffs in this action, the defendants in error, appeared in the latter court and filed their petition, alleging errors in the proceedings.

.in the county court, insisting that the decrees made therein affecting their rights were *void*, and praying that the same be reheard and annulled. To the petition there was a demurrer and answer; and upon the hearing the petition was, in general terms, dismissed. The plaintiffs in error now contend that the decree dismissing the petition finally settled the rights of the parties, and that the matters therein alleged are *res judicata*. But in this contention we do not concur.

In *Durant* v. *Essex Company*, 7 Wall. 107, it was held that a decree, absolute in its terms, dismissing a bill in ·equity, is an adjudication of the merits of the controversy, and constitutes a bar to any further litigation of the same subject between the same parties, unless made because of .some defect in the pleadings, or for want of jurisdiction, or because the complainant had an adequate remedy at law, or upon some other ground which does not go to the merits. And, said the court, where words of qualification, such as "without prejudice," or other terms indicating a right or privilege to take further legal proceedings on the .subject, do not accompany the decree, it is presumed to be rendered on the merits. See, however, what is said in *Chrisman's Adm'x* v. *Harman*, 29 Gratt. 494, 501.

In the present case, it is unnecessary to express an ·opinion as to the effect of such a decree; for clearly the decree of the circuit court, dismissing the petition, can have no greater force or effect than if it had been made by the county court before the removal of the cause to the circuit court. And we take it to be indisputable that no order or decree by a court can be clothed with vitality unless the court has jurisdiction to render it. So that if the sale of the land in controversy was *void*, as we have shown it was, the rights of the parties, the defendants in error, were not, and could not be, affected by the decree dismissing the petition, in which the jurisdiction of the

county court to order the sale was denied.    In other words,. that decree constitutes no bar to the maintenance of the present action.

Only one other point in the case need be mentioned.    It appears from the record of the proceedings in the county court that one of the plaintiffs, D. A. Blackstock, attained his majority during the war, and soon after the sale of the land had been made, and received his share of the proceeds.    It does not appear, however, that any defense on that ground was made in the court below.    Whether such fact, if it had been relied on, would estop the said D. A. Blackstock from asserting any claim to the land, is a question, therefore, as to which we express no opinion.

The judgment of the court below must be affirmed, with. costs to the defendants in error.

JUDGMENT AFFIRMED.