## WILLIAM R. SACHE v. EMMA L. WALLACE.[1]

### May 31, 1907.

### Nos. 15,153—(149).

**Judgment.**

In addition to jurisdiction of the parties and subject-matter of the action, it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question the judgment assumes to determine, or the particular relief which it assumes to grant.

**Default Judgment—Relief.**

In an action to determine adverse claims to real property, or any similar action, plaintiff is entitled, on default of defendant to answer, to such relief, and to such relief only, as he demands in his complaint, or such as comes within the scope of its allegations, where the demand for relief is imperfectly framed.

**Same—Want of Jurisdiction.**

A judgment in such an action awarding relief beyond the prayer of the complaint or scope of its allegations, the excessive relief appearing from the face of the record, is void for want of jurisdiction, and is open to attack before or after the time of appeal therefrom, even by a person not a party to the action, but who is affected by the judgment in his property rights.

**Same.**

A judgment of that character is not a mere irregularity, but extrajudicial and void.

**Jurisdictional Defect.**

Distinction between an irregularity not affecting the jurisdiction of the court and a jurisdictional defect pointed out.

Action in the district court for Ramsey county against Ellen M. Gillette to determine adverse claims. Defendant failed to answer or demur, and pursuant to an order of Orr, J., a default judgment was entered in favor of plaintiff. From an order of Kelly, J., granting a motion of Emma L. Wallace to vacate the judgment as to a certain provision therein, plaintiff appealed. Affirmed.

*William G. White*, for appellant.

*James Schoonmaker*, for respondent.

[1] Reported in 112 N. W. 386.

BROWN, J.

This action was brought under R. L. 1905, § 4424, to determine adverse claims to certain real property. The complaint, so far as here material, alleges that the plaintiff is the owner in fee simple of the land, which is described therein; that it is vacant and unoccupied; and that defendant claims some title or interest therein adverse to plaintiff. "Wherefore the plaintiff prays that he may be adjudged to be the owner in fee simple of the above described real estate, * * * and that the defendant may be adjudged to have no right, title, interest or estate in said real estate * * * and that he may have such other and further relief," etc. The summons was duly served, but defendant made no appearance in the action. Thereafter, on application of plaintiff, the court below made an order reciting the service of the summons and default of defendant and directing the entry of judgment "in all things in accordance with the prayer of the complaint." There were no findings of fact disclosing the source of plaintiff's title to the property, or the title or right of defendant, nor any finding upon which to predicate a judgment transferring to plaintiff defendant's title, if any she had. The order for judgment was in the form often used in default cases, and does not disclose that any evidence was offered for the consideration of the court. On June 27, 1905, judgment was duly entered by the clerk, substantially as prayed for in the complaint, to the effect that plaintiff was the owner of the property and that defendant had no title or right therein, and for the following further relief not prayed for in the complaint, nor embraced within the scope of the order for judgment, namely:

> It is further adjudged and decreed that all the right, title, interest, estate or lien in, to, upon, or against said premises, held, owned, or possessed by said Ellen M. Gillette [defendant], be and it is hereby transferred to and vested in William R. Sache, the plaintiff in this action.

Defendant was in fact neither owner of the property at the time of the commencement of the action nor had she any interest therein when judgment was entered, having prior thereto conveyed the same to Emma L. Wallace; but the deed had not then been recorded. On October 31, 1906, more than a year after the entry of the judgment,

Mrs. Wallace, upon affidavits setting forth her ownership of the property and her ignorance of the action or judgment, moved the court to strike from the judgment the provision quoted above in full, by which the title of defendant was transferred to and vested in plaintiff, on the ground, among others, that the court had no authority to incorporate the same in the judgment, in that the relief thereby granted was not prayed for in the complaint. The court granted the motion, and plaintiff appealed.

It is contended by appellant that, conceding for the purposes of the point that the relief granted exceeded that to which plaintiff was entitled under the complaint, the inclusion thereof in the judgment was an error or irregularity not going to the jurisdiction of the court, to be corrected by motion or appeal within the time prescribed by statute for the correction of such errors; that the judgment, not having been so proceeded against, became, after the time for appeal had expired, final and conclusive as to all the world. The merits of this contention depend wholly upon the question whether the embodiment of the excessive relief in the judgment was a mere irregularity, or whether it exceeded the jurisdiction and power of the court. If a mere irregularity, counsel's contention is sound. It is elementary that a judgment of a court of competent jurisdiction, after the expiration of the time of appeal, cannot be impeached, either directly or indirectly, for mere errors or irregularities not going to the jurisdiction of the court; but in all cases where the court exceeds its jurisdiction, and want of jurisdiction appears upon the face of the record, the judgment may be attacked at any time, before or after the time for appeal, even by a person not a party to the action, but who is affected thereby in his property rights. Mueller v. Reimer, 46 Minn. 314, 48 N. W. 1120; 12 Enc. Pl. & Pr. 188; Phelps v. Heaton, 79 Minn. 476, 82 N. W. 990.

1. The courts are not in full harmony as to what constitutes an irregularity within the meaning of the rule referred to. Generally speaking, however, an irregularity may be defined as a failure to follow appropriate and necessary rules of practice or procedure, omitting some act essential to the due and orderly conduct of the action or proceeding, or doing it in an improper manner. 17 Am. & Eng. Enc. (2d Ed.) 481; Jenness v. Circuit Judge, 42 Mich. 469, 4 N. W. 220; Holmes v. Russel, 9 Dowl. 487. Errors or defects of this character,

that may be amended without prejudice to the absolute rights of the parties, do not affect the jurisdiction of the court to the extent that its final action is a nullity. But proceedings outside the authority of the court, or in violation or contravention of statutory prohibitions, are, whether the court have· jurisdiction of the parties and subject-matter of the action or proceedings, or not, utterly void. Ex parte Simmons, 62 Ala. 416; Ex parte Gibson, 31 Cal. 620, 91 Am. Dec. 546; Barton v. Saunders, 16 Ore. 51, 16 Pac. 921, 8 Am. St. 261.

The mere fact that the court has jurisdiction of the subject-matter of an action before it does not justify an exercise of a power not authorized by law, or a grant of relief to one of the parties the law declares shall not be granted. If the court may do so under the guise of "jurisdiction of the subject-matter," then it may commit all sorts of depredations upon the rights of parties, particularly in default cases. "Jurisdiction of the subject-matter" means, not only authority to hear and determine a particular class of actions, but authority to hear and determine the particular questions the court assumes to decide. Though it has general jurisdiction over the subject-matter, for instance, of actions to foreclose mortgages, to quiet title to real property, or for damages for personal injuries, its power to decide and determine matters in dispute between the parties in a given action is limited to those questions which are brought before it by the pleadings. The foundation of the rule that judgments of a court of competent jurisdiction are attended with a presumption of absolute verity is the fact that the parties have been properly brought into court and given an opportunity to be heard upon the matters determined. But the foundation falls and the rule of verity ceases when it affirmatively appears from the record that the judgment adjudicated and determined matters upon which the parties were not heard. When the court goes beyond and outside the issues made by the pleadings, and in the absence of one of the parties determines property rights against him which he has not submitted to it, the authority of the court is exceeded, even though it had jurisdiction of the general subject of the matters adjudicated. Such a departure cannot be held a mere irregularity. This position is sustained both from the view point of our statutes upon the subject and under the rules and principles of the common law.

2. The action was one to determine adverse claims to real property.

The complaint alleges title in plaintiff, and that defendant claims to have some estate or interest therein adverse to plaintiff. The prayer for relief was that plaintiff be decreed the owner of the property, and that defendant be adjudged to have no interest in or title to the same. The court ordered judgment for the relief demanded in the complaint. Plaintiff caused judgment to be entered for the other and further relief now objected to.

Our statutes (R. L. 1905, § 4264) provide: That "as against a defendant who does not answer, the relief granted to plaintiff shall not exceed that demanded in the complaint. Against all others, he may have any relief consistent with the complaint and within the issue actually tried." This plain and explicit language ought, it would seem, to relieve from serious doubt the question whether a judgment entered in violation of its terms is void for want of jurisdiction. The command of the statute is unqualified, and its purpose is obvious. The object of the statute was to prevent "snap judgments" against defendants, who, upon examination of the complaint in an action against them, are content that the plaintiff may have the relief therein demanded, and for that reason do not appear or answer. Defendants so situated may rely upon the statute for their protection, and are not required to follow the action or the proceedings therein, for the purpose of ascertaining whether a judgment other than that demanded has been entered against them. A judgment in violation of the statute cannot, therefore, be a mere irregularity to be cured by amendment, but the exercise of power expressly withheld from the court, and consequently beyond its jurisdiction.

Although every exercise of power not possessed by a court will not necessarily render its action a nullity, it is clear that every final act, in the form of a judgment or decree, granting relief the law declares shall not be granted, is void, even when collaterally called in question. This is fundamental, and must be applied to this case, unless we are to adopt a new rule, not contemplated by the lawmakers, which will compel all litigants to be vigilant in preventing an unlawful invasion of their rights. A construction of the statute which would require this of the defendant in a case of this character, or sustain a judgment for greater relief than that demanded, on the theory that the excessive relief was a mere irregularity, would emasculate the statute and render

it inoperative and of no practical value. We do not so construe it, but, on the contrary, hold that a violation of its command is extrajudicial and void. Of course, an instance might arise, in the case of an imper- fectly framed prayer for relief, where a judgment beyond its scope might be sustained, if within the allegations of the complaint. But such is not this case. The prayer of the complaint here before us is complete, and asks for all the relief the allegations of the complaint justify.

A number of authorities are cited by counsel for the plaintiff which apparently sustain his view of this question. But we are not inclined to follow them. They are at variance, as seems to us, with sound logic, reason, and the weight of authority. In Wisconsin, for instance, it has been held that a judgment sentencing a person to a longer term of imprisonment than the statute warrants is an irregularity, to be corrected by appeal, and not void for want of jurisdiction. In re Gra- ham, 74 Wis. 450, 43 N. W. 148, 17 Am. St. 174. The contrary doc- trine is upheld by the Supreme Court of the United States. Ex parte Nielsen, 131 U. S. 176, 9 Sup. Ct. 672, 33 L. Ed. 118, and cases there cited. The Wisconsin rule is followed in South Dakota, but by a divided court. Under a statute similar to our own, two of the three judges of the supreme court of that state held that a judgment in a default case which granted relief beyond that demanded in the com- plaint was not void, but merely erroneous or irregular. Mach v. Blanchard, 15 S. D. 432, 90 N. W. 1042, 58 L. R. A. 811, 91 Am. St. 698. In Indiana, in actions for the recovery of money, a judgment for an excessive amount is held erroneous but not void; while in other forms of actions, as will be presently shown, judgments granting relief in excess of that demanded by the pleadings are held by that court void for want of jurisdiction. Gum v. Mexico, 140 Ind. 158, 39 N. E. 443, 3 L. R. A. 700; McFadden v. Ross, 108 Ind. 512, 8 N. E. 161. The distinction between the two classes of judgments is found in the fact that the miscalculation of interest, or other mistakes in reference to the amount of recovery, are clerical in their nature, and should be corrected by motion or appeal. A clear departure from the relief demanded in equitable actions materially differs from an ex- cessive judgment in actions for money only.

3. But the weight of authority sustains the proposition that at com-

mon law the judgment is void for want of jurisdiction. In fact, it may be said our statute created no new rule on the subject, but merely adopted that existing at common law. It is laid down in 1 Black,. Judg. 242, as a general principle, that, in addition to jurisdiction of the parties and subject-matter of the action, it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question which the judgment assumes to decide, or the particular remedy or relief which it assumes to grant. Support for this doctrine is found in numerous well-considered cases.

In McFadden v. Ross, supra, a complaint in replevin tendered no issue except the right of possession, yet judgment was entered determining the title to the property as between the parties. It was contended in an action upon the replevin bond that, the court having had jurisdiction of the parties and the subject-matter of the replevin action, the judgment therein was conclusive against collateral attack. The court held the judgment void, in so far as it attempted to adjudicate upon the question of title to the property, for the reason that that question was not involved under the pleadings. The court said: "Neither reason nor authority lends any support to the view that, because suitors have submitted certain designated matters to the consideration of a court, the tribunal is thereby authorized to determine any other matter in which the parties may be interested, whether it be involved in the pending litigation or not"—citing Munday v. Vail, 34 N. J. L. 418; Fairchild v. Lynch, 99 N. Y. 359, 2 N. E. 20; King v. Chase, 15 N. H. 9, 41 Am. Dec. 675; Bigelow, Estoppel, 92. The decision in that case was followed in Knopf v. Morel, 111 Ind. 570, 13 N. E. 51, and in Unfried v. Heberer, 63 Ind. 67. The last case was cited with approval by Mr. Justice Brewer in Reynolds v. Stockton, 140 U. S. 254,. 11 Sup. Ct. 773, 35 L. Ed. 464.

A judgment for relief beyond the issues was held unauthorized, and "not within the power of the court," in Boogher v. Frazier, 99 Mo. 325, 12 S. W. 885. Such is the law in the state of Illinois. People v. Seeyle, 146 Ill. 189, 32 N. E. 458; Belford v. Woodward, 158 Ill. 122, 41 N. E. 1097, 29 L. R. A. 593. In Spoors v. Coen, 44 Oh. St. 497, 9 N. E. 132, the Ohio supreme court held that a judgment on a subject of litigation within the jurisdiction of the court, but not brought before it by any statement or claim of the parties, is null and void, and

may be collaterally impeached—citing Strobe v. Downer, 13 Wis. 11, 80 Am. Dec. 709; Lewis v. Smith, 9 N. Y. 502, 61 Am. Dec. 706. To the same effect, Seamster v. Blackstock, 83 Va. 232, 2 S. E. 36, 5 Am. St. 262. It was said in Sandoval v. Rosser, 26 S. W. 932, "that a court has no more power, until its action is called into exercise by some sort of pleading, to render a judgment in favor of a party than it has to enter a judgment against him." And the judgment there involved, granting relief beyond the pleadings, was held open to collateral attack. Dunlap v. Southerlin, 63 Tex. 38; 1 Black, Judg. 241.

The case of Ritchie v. Sayers (C. C.) 100 Fed. 520, involved a collateral attack on a judgment, and the court after referring to the rule as generally stated in the books, namely, that the judgment of a court having jurisdiction of the parties and the subject-matter of the action is conclusive and cannot be collaterally called into question, said: "That may be conceded. But the question is, did it have jurisdiction to enter the particular decree and judgment thereon that it did enter? As we have before seen, we reach the conclusion that the particular judgment could not be entered; and it is a well-settled principle that, although a court may have jurisdiction of a case, yet, if it appears from the record that it did not have jurisdiction to enter the decree and particular judgment, then that decree and judgment may be collaterally impeached"—citing U. S. v. Walker, 109 U. S. 258, 3 Sup. Ct. 277, 27 L. Ed. 927; Ex parte Nielsen, 131 U. S. 176, 9 Sup. Ct. 672, 33 L. Ed. 118; Ex parte Cuddy, 131 U. S. 280, 9 Sup. Ct. 703, 33 L. Ed. 154; Folger v. Insurance Co., 99 Mass. 267, 96 Am. Dec. 747; Seamster v. Blackstock, 83 Va. 232, 2 S. E. 36, 5 Am. St. 562.

The two cases in 131 U. S. are directly opposed to the doctrine of the Wisconsin supreme court laid down in Re Graham, 74 Wis. 450, 43 N. W. 148, 17 Am. St. 174, as already pointed out. In the Nielsen case the supreme court of the United States declared such a judgment wholly void, and the person there under sentence of imprisonment not authorized by law was released upon habeas corpus. In the Cuddy case the same court held that the fact that a judgment was excessive and unauthorized might be shown in habeas corpus, though the excess did not appear on the face of the record. It was held in Waldron v. Harvey, 54 W. Va. 608, 46 S. E. 603, 102 Am. St. 959, that, to render a judgment within the jurisdiction of the court, not only jurisdiction

over the parties and the subject-matter must appear, but it must also appear that the matter acted upon by the court was before it under the pleadings, and the judgment there involved, as to matters not presented in the pleadings, was held void on indirect attack. Such is the law in Kansas, Watkins v. Mullen, 8 Kan. App. 705, 54 Pac. 921, where the court approves the rule as laid down in 12 Am. & Eng. Enc. (2d Ed.) 246, to the effect that a judgment of a court having jurisdiction of the case, but not jurisdiction to enter the particular judgment, may be collaterally impeached, citing U. S. v. Walker, supra, Ex parte Nielsen, supra, and other cases herein referred to. That jurisdiction of the question the court assumes to decide, as well as of the parties and the subject-matter of the action, is essential to the validity of a judgment is laid down as a general rule in 23 Cyc. 684.

The tendency of the courts to enlarge the definition of "jurisdiction," by many text-writers and judges seemingly limited to authority over the subject-matter and parties, is referred to in Newman v. Bullock, 23 Colo. 217, 47 Pac. 379, with the statement that it should, properly defined, include, not only power to hear and determine, "but power to render the particular judgment in the particular case." The court in that case sustained a collateral attack upon a judgment offered as evidence on the ground that it was void on its face for the reason that the relief therein granted exceeded the issues made by the pleadings—citing 1 Black, Judg. §§ 215, 242; Johnson v. Johnson, 20 Colo. 143, 36 Pac. 898; Munday v. Vail, 34 N. J. L. 418. In the case last cited a decree in equity granted relief beyond that prayed for in the complaint, and the court, on collateral attack, held it invalid. It is a leading case on this subject, and is quoted from in Reynolds v. Stockton, 140 U. S. 254, 11 Sup. Ct. 773, 35 L. Ed. 464. In disposing of the question the New Jersey court said: "A defect in a judgment, arising from the fact that the matter decided was not embraced within the issue, has not, it would seem, received much judicial consideration. And yet I cannot doubt that, upon general principles, such a defect must avoid a judgment. It is impossible to concede that, because A. and B. are parties to a suit, a court can decide any matter in which they are interested, whether such matter be involved in the pending litigation or not. Persons by becoming suitors do not place themselves for all purposes under the control of the court, and it is only over these

101 M.—12

particular interests which they choose to draw in question that a power of judicial decision arises."

The doctrine of the cases cited has been applied in this state. In State v. Miesen, 98 Minn. 19, 108 N. W. 513, a judgment imposing a punishment in contempt proceedings not authorized by law was collaterally assailed and held void in habeas corpus proceedings. In re White, 43 Minn. 250, 45 N. W. 232. See also Lincoln v. Virgin, 36 Neb. 735, 55 N. W. 218, 38 Am. St. 747; 12 Enc. Pl. & Pr. 131, and cases there cited. In view of this array of judicial opinion, we have no difficulty in reaching the conclusion that the judgment in question, in so far as it attempts to transfer to plaintiff the title held by defendant is coram non judice, and void.

4. But it is further contended by plaintiff that this particular feature of the judgment came within the scope of the complaint and the action, and that the relief was therefore properly granted. This contention is untenable. The statute providing for this form of action to determine rights in real property was not designed as a means for acquiring title, but, on the contrary, was intended as an expeditious mode of quieting and extinguishing claims of title held adversely to plaintiff. Camp v. Smith, 2 Minn. 131 (155). A judgment in such an action, based upon the usual form of complaint, does not of itself operate to transfer title from defendant to plaintiff. Minn. Debenture Co. v. Johnson, 94 Minn. 150, 102 N. W. 381, 110 Am. St. 354. The reason for this is found in the fact, like the old ejectment action, that there is nothing of record to disclose or reveal the title that was in fact adjudicated. And though an ordinary judgment in such an action might be made a link in the chain of title, by evidence dehors the record connecting plaintiff with the title adjudicated (Sedgwick & Wait, Title to Land, § 523), yet, standing alone, the judgment is evidence only of the fact that the rights of the defendant have been extinguished.

But, conceding that a transfer of title may be effected in this form of action under proper pleadings, it is clear that such was not the purpose of this action. The complaint was not framed upon such a theory. It simply alleged that defendant claimed some title or interest in the land adverse to plaintiff, and judgment was demanded that she be adjudged to have no title.

The case in this respect is analogous to Lincoln v. Virgin, supra. There, in an action to foreclose a mortgage, the complaint alleged that one of the defendants claimed some lien upon or interest in the mortgaged premises, the basis of which was unknown to plaintiff, but that it was subordinate and junior to plaintiff's mortgage. Judgment was demanded that defendant set up his claim or be forever barred from asserting it. The defendant did not answer, and default judgment was taken against him, in which it was adjudged that he had no right, title or interest in the property whatsoever. In a subsequent action by defendant to foreclose a mortgage upon the property held by him, and existing at the time of the pendency of the former action, it was insisted that his rights under the mortgage were barred by the former judgment, for it was there determined that he had no interest in the property. The court held that the judgment went beyond the issues made by the complaint in the former suit, and was void. The case is parallel to that at bar and in line with the authorities heretofore cited. As pertinent to this feature of the case, see Alexander v. Thompson, supra, page 5, 111 N. W. 385. The complaint in the case before us did not seek a transfer of title, and section 4391, R. L. 1905, has no application. That statute can have no reference to other than actions in which it is necessary to pass title in order to carry the judgment of the court into effect.

This disposes of all the questions necessary to be considered, and results in an affirmance of the order appealed from. It is probable, under the authorities cited, that the judgment could have been as successfully assailed in other proceedings, when offered in evidence in support of plaintiff's title to the land; but the right to correct it in this manner is clear.

Order affirmed.