**FARMERS' NAT. BANK OF STEPHEN-VILLE et al. v. DAGGETT.**
(No. 873–4143.)

Commission of Appeals of Texas, Section B.
Feb. 22, 1928.

1. Evidence ⊗═317(5)—In suit by wife involving title to realty, testimony of statements made by husband prior to death held hearsay.

In suit by wife involving title to realty, testimony of president of defendant bank to statements made to him by husband prior to death, relative to controversy, *held* hearsay.

2. Attachment ⊗═1—"Auxiliary writ of attachment" enables plaintiff to hold property of defendant pending final judgment, while "judicial attachment" confers jurisdiction on court.

An auxiliary writ of attachment when properly issued and served merely enables plaintiff to hold, pending final judgment, property belonging to defendant out of proceeds of sale of which he would be entitled to have his judgment satisfied, while judicial attachment performs office of conferring jurisdiction on court in which creditor seeks satisfaction of debt by seizing debtor's property located within state.

3. Attachment ⊗═1—Proceeding in "judicial attachment" is direct one to give jurisdiction to court both of person and subject-matter in controversy.

In case of judicial attachment, proceeding is direct one to give jurisdiction to court both of person and subject-matter in controversy to extent of appropriating property seized to satisfaction of judgment for money which plaintiff recovers.

4. Attachment ⊗═77—To authorize issuance of attachment, law requires plaintiff to make affidavit that defendant is justly indebted and amount of demand.

To authorize issuance of an attachment, law requires plaintiff to make an affidavit that defendant is justly indebted to him and the amount of demand.

5. Courts ⊗═183—County court attaching property has authority to foreclose lien and have property sold at public sale.

Where county court has attached certain property belonging to defendant, it has authority to foreclose lien created by levy of attachment on property and to have it sold at public sale.

6. Attachment ⊗═201—Purchaser at sale under writ of attachment acquires all interest of judgment debtor in property, but no more.

At public sale under foreclosure of lien created by levy of attachment, purchaser acquires by virtue of attachment all interest which judgment debtor had in property at time writ of attachment was levied thereon, but no more.

7. Attachment ⊗═201—Purchaser at sale under writ of attachment of property not belonging to judgment debtor does not acquire title.

Where property belonging to some one other than judgment debtor is sold under writ of attachment, purchaser at such sale would necessarily acquire no title.

8. Attachment ⊗═213—That judgment debtor is not owner of property attached cannot be subject of inquiry, either by defendant or intervener, since attachment cannot extend beyond defendant's interest.

In sale under writ of attachment, that judgment debtor was not owner of property attached could not be by any one, either by defendant or intervener, subject to inquiry, since office of attachment could not extend itself beyond interest of defendant in property, and, if he had no interest therein, no lien would attach thereto.

9. Husband and wife ⊗═149(1)—Wife's property held not subject to attachment for debt of husband, where wife was not debtor.

Where property was sold under writ of attachment by county court and record showed that relation of debtor and creditor did not ex-

---

ist between attaching creditor and woman who owned property, but debtor and creditor relation existed between attaching creditor and her husband, *held*, that property could not be appropriated to payment of judgment, under statute.

**10. Attachment ⬥⬥308(2)—Wife claiming property attached held not to have burden of showing that property was hers rather than husband's.**

Where wife's property was attached in action against husband and wife, and wife voluntarily appeared in case, but no debtor and creditor relationship existed between wife and attaching creditor, *held*, that wife did not have duty of proving that property attached belonged to her and not to husband, since to do this would inject affirmative issue into case not presented by pleading of plaintiff, compelling court to take cognizance of issue presented by answer when it could not acquire jurisdiction by plea in abatement.

**11. Courts ⬥⬥1—"Jurisdiction" is power of court to hear and determine subject-matter in controversy between parties to suit.**

"Jurisdiction" is power of court to hear and determine subject-matter in controversy between parties to suit—to adjudicate or exercise any judicial power over them.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jurisdiction (Of Courts).]

**12. Evidence ⬥⬥83(7)—In suit involving title to land sold under attachment, it is presumed that return showed land was attached as property of debtor, authorizing sheriff at sale to convey debtor's interest.**

In suit involving title to land sold under writ of attachment issued by county court, it is presumed that return of officer executing writ showed land in controversy was attached as property of defendants, and that court accepted writ as stating fact necessary to confer jurisdiction on it to foreclose lien on property as property of defendant, authorizing sheriff at public sale to convey to purchaser whatever interest debtor defendant had in property on date writ was levied.

**13. Attachment ⬥⬥296—Where writ of attachment was levied and claimant appeared and denied relationship of debtor and creditor as to her, held, she had performed every duty required.**

Where, in suit against several defendants, writ of attachment was levied on property, and defendant owner voluntarily appeared and denied existence of debtor creditor relationship, *held*, that she had performed every duty required of her.

**14. Attachment ⬥⬥296—In attachment proceeding in county court, wife claiming property attached for debt of husband, who appeared and denied debt to plaintiff did not have duty to plead that property was her separate property, since court could not adjudicate such question.**

Where writ of attachment was issued against property of wife, and she did not answer that property was her separate property, and not subject to debts of husband, *held*, that there was no duty to so plead, since it would have presented question foreign to power of county court to adjudicate.

**15. Courts ⬥⬥183—County court held without jurisdiction to decree that property of wife was subject of debt of husband; she being in no way liable.**

Where writ of attachment was issued by county court against property of wife, and relation of debtor and creditor did not exist, *held*, that county court was without jurisdiction to decree that property was subject to debt of husband.

**16. Judgment ⬥⬥501—Judgment cannot be questioned collaterally for an error committed in exercise of jurisdiction.**

Judgment cannot be questioned collaterally for an error committed in exercise of jurisdiction.

**17. Judgment ⬥⬥498—Judgment may be attacked in collateral proceedings for error in assuming jurisdiction.**

Judgment may be attacked in collateral proceedings for error in assuming jurisdiction.

**18. Courts ⬥⬥40—Decree by court having jurisdiction over parties and subject-matter, which extends powers granted in court's organization, is void.**

Where court has jurisdiction over parties and subject-matter, if it makes decree which is not within powers granted to it by law of its organization, its decree is void.

**19. Judgment ⬥⬥489—Judgment may be collaterally attacked, where court had jurisdiction of parties and subject-matter, but did not have jurisdiction of question to be determined.**

Judgment may be collaterally attacked, where court had jurisdiction of parties and subject-matter of action, but did not have jurisdiction of question which judgment assumes to determine, or power to grant particular relief which it assumes to afford to litigants.

**20. Courts ⬥⬥183—County court may issue attachments on land to enforce its judgment in exercise of jurisdiction conferred on it by Constitution (Const. art. 5, § 16).**

County court may issue writs of attachment on land, for reason that such writs are necessary to enforcement of judgment rendered in exercise of jurisdiction conferred on it by Const. art. 5, § 16.

**21. Attachment ⬥⬥178—Issuance and levy of writ of attachment creates lien on interest owned by defendant on condition that liability be adjudged.**

Issuance and levy of writ of attachment creates lien on interest owned by defendant on condition that liability be adjudged, and, if on final adjudication no liability is adjudged against defendant, no lien attaches to property owned by such defendant.

**22. Courts &#9096;183—County court need not have jurisdiction to determine title to land on which attachment has been levied to enforce satisfaction of its judgment (Const. art. 5, § 16).**

It is not necessary that county court have power or jurisdiction to determine title to land on which attachment has been levied to enforce satisfaction of judgment rendered by it in exercise of jurisdiction granted by Const. art. 5, § 16.

**23. Courts &#9096;183—County court adjudging that certain attached property was community property exceeded its constitutional jurisdiction (Const. art. 5, § 16).**

Where action was brought against husband and wife in county court, and writ of attachment was issued against property of wife, who was shown not to have been debtor of plaintiff, and attachment was executed against her property after county court had determined that property was community property, held that, under Const. art. 5, § 16, providing questions over which county court has jurisdiction, it was without power to determine whether land was community property or separate property, and judgment showed on its face that court had attempted to exercise power denied by Constitution.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Mary H. Daggett against the Farmers' National Bank of Stephenville and another. From a judgment of the Court of Civil Appeals (259 S. W. 198), reversing a judgment for defendants, they bring error. Affirmed.

Robert L. Thompson, of Stephenville, for plaintiffs in error.

W. G. Eustis, of Henrietta, for defendant in error.

SHORT, P. J. This is a suit by defendant in error, Mary H. Daggett, instituted in the district court of Clay county against Farmers' National Bank of Stephenville and Will Clay, both of Erath county, plaintiffs in error. Her petition is in two counts: The first count is an action in trespass to try title to lands situated in Clay county. The second count alleges that on or about July 1, 1921, said bank filed suit against her, George H. Daggett, and Elliott Daggett, and in said suit sued out a writ of attachment which was levied upon that part of the land described in the first count as situated in block No. 17 in the original town of Henrietta; that Elliott Daggett was dismissed from said suit and judgment was rendered therein in her favor, and against George H. Daggett for $790.-50, and foreclosing the attachment lien as against her and George H. Daggett; that said county court did not have jurisdiction to foreclose as against her, there being no judgment against her; that on or about the 6th day

of September, 1921, Will Clay obtained judgment in said county court against George H. Daggett for $675, foreclosing an attachment lien on all of said land in a suit to which she was not a party; that she was the owner of all the land set out in her petition; that George H. Daggett had no title thereto; and that the foreclosure of such writs of attachment cast a cloud upon her title to said property. She prayed that temporary writ of injunction issue restraining sale of said land under orders of sale pending suit and that on trial said injunction be made permanent. Temporary injunction was issued as prayed for.

Said bank excepted to the allegations against it contained in said second count for the reason that same showed that the judgment foreclosing the attachment lien against Mary H. Daggett in its favor was res adjudicata, and that she was thereby precluded from asserting the rights and interests claimed by her. This exception was by the court overruled.

Issue was joined and plaintiff in error bank, also by special answer, alleged that Mary H. Daggett was precluded from maintaining her cause of action against it by reason of its said suit and foreclosure in the county court, attaching as an exhibit the judgment therein rendered, which is as follows:

"In the County Court of Erath County, Texas.

"Farmers' National Bank of Stephenville v. Geo. H. Daggett et al.   No. 1757.

"Be it remembered that on this the 22d day of October, 1921, there came on for trial in this court in regular term, time, the above styled and numbered cause, and the plaintiff Farmers' National Bank and the defendant appearing and having announced ready for trial, and the defendant Geo. H. Daggett, although having been duly and legally cited to appear herein in the way and manner required by law for service on nonresident defendants, came not, but wholly made default, and service not being obtained on the defendant Elliott Daggett, and the defendant Mary H. Daggett having filed an answer herein contesting her liability on the note sued on, and the said Farmers' National Bank and Mary H. Daggett both having announced ready for trial, thereupon came a good and lawful jury of six good and lawful men, who being duly impaneled and sworn to try said cause, and the court and jury having heard read the pleadings of the parties Farmers' National Bank and Mary H. Daggett, the evidence, and argument of attorneys, the court instructed the jury as follows:

"'Gentlemen of the Jury, you are instructed to find a verdict in favor of the plaintiff for the amount of its debt, principal, interest, and attorney's fees as against the defendant Geo. H. Daggett, and you will further find that said Farmers' National Bank, plaintiff, has an attachment lien on the property described in the return on the writ of attachment as against

Geo. H. Daggett and Mary H. Daggett. You will further find a verdict in favor of the defendant Elliott Daggett. You will further find a verdict in favor of the defendant Mary H. Daggett on the note sued upon.

"Wm. Arch Jones, Judge.'

"To which instruction of the court the jury, on said 22d day of October, 1921, returned into open court the following described verdict, viz.:

"'We, the jury, find a verdict in favor of the plaintiff for the amount of its debt, principal, interest, and attorney's fees, as against the defendant Geo. H. Daggett. We further find that the plaintiff Farmers' National Bank of Stephenville has a valid attachment lien on the property described in the return of the writ of attachment as against Geo. H. Daggett and Mary H. Daggett. We further find a verdict for the defendant Elliott Daggett, and further find a verdict in favor of the defendant Mary H. Daggett on the note sued on.

"'C. H. Baber, Foreman.'

"Which verdict of the jury was received by the court on said day.

"It is therefore the order, judgment, and decree of the court that judgment is here rendered on the verdict of the jury, and in favor rendered notwithstanding said verdict as follows:

"It is ordered, adjudged, and decreed that the plaintiff Farmers' National Bank of Stephenville, a corporation, do have and recover of and from the defendant Geo. H. Daggett the sum of $790.50, with interest thereon from the 1st day of July, 1921, until fully paid and satisfied.

"It is further ordered, adjudged, and decreed that the following described property, viz. all of lots Nos. 1, 2, 3, and 4, and an undivided one-half interest in lots Nos. 13 and 14, and the south ten feet off of lot No. 15, all in block No. 17, original addition to the town of Henrietta, Clay county, state of Texas, are duly and legally seized under the writ of attachment which, with the sheriff levy and return thereon, constitutes a valid and subsisting attachment lien on all the property above described, and that said property is subject to the said attachment lien, as the property of the defendants Geo. H. Daggett and Mary H. Daggett; it being further decreed that plaintiff's said attachment lien on the above premises be and the same is hereby preserved and perpetuated, as against the defendants Mary H. Daggett and Geo. H. Daggett, and it is so ordered.

"It is further ordered and decreed by the court that the defendant Elliott Daggett be and he is hereby dismissed from this cause without prejudice.

"It is further ordered and decreed that the plaintiff take nothing against the defendant Mary H. Daggett on the note sued upon.

"It is further ordered that plaintiff recover its costs herein expended.

"And it is so ordered."

The case was tried before a jury and on a verdict finding that the land in controversy was the community property of George H. Daggett and his wife, Mary H. Daggett, and not her separate property as alleged by her, the trial court rendered judgment for plaintiffs in error, and the temporary injunction theretofore issued was dissolved.

[1] Mary H. Daggett perfected her appeal to the Court of Civil Appeals, and the judgment was reversed, and the cause remanded on the holding that the trial court erred in permitting the president of the plaintiff in error bank to testify, over objection, to statements made to him by George H. Daggett prior to his death, relative to his ownership of the land in controversy, said statements being hearsay, which holding we approve. 259 S. W. 198.

The only other question material to a proper disposition of the application for the writ of error is thus stated in the application made by the Farmers' National Bank, one of the plaintiffs in error:

"Mary H. Daggett having filed an answer and made her appearance on the trial of the case of Farmers' National Bank v. Geo. H. Daggett et al., in the county court of Erath county, her appearance was for every purpose known to the law, and on her failure to plead her separate rights in the lots in controversy, on which the writ of attachment was levied and foreclosed, and her failure to challenge the jurisdiction of the county court to try an issue of title, said judgment of the county court of Erath county foreclosing the attachment lien against her is final, and she is estopped in law from attacking said judgment in a collateral and independent suit."

This question thus stated is presented in several of the assignments of error and in the propositions germane to those assignments, none of which is necessary to copy for a proper understanding and discussion of the question involved, which, briefly stated, is whether the judgment of the county court of Erath county is of that character and dignity as to preclude the defendant in error, Mary H. Daggett, from prosecuting this suit, the object of which is to establish the alleged fact that the property in controversy on the date the attachments were issued in the two suits in the county court was her separate property in which her husband had no interest.

It is shown by the record that Geo. H. Daggett, as well as the other defendants in the case wherein judgment was rendered in the county court of Erath county, were nonresidents, and that the jurisdiction of the county court over the defendants was acquired by virtue of the attachment proceedings wherein an affidavit was made in compliance with the statute to the effect that both Geo. H. Daggett and Mary H. Daggett were justly indebted to the plaintiff bank in a certain sum of money and that they were nonresidents, and by virtue of the further fact that the writ of attachment issued in the case was levied on the property in controversy and the return of the sheriff inferentially shown was to the effect that he had levied on

the property as that of the defendants, necessarily, of course, including all of them. One of the defendants not having been served was dismissed. Geo. H. Daggett having been served in the manner provided by law for service upon nonresidents did not answer and judgment was rendered by default against him for the debt claimed. His wife, Mary H. Daggett did answer, in which she asserted and proved that she did not sign the note upon which the suit was brought, and, moreover, that she was a married woman. Upon this proof judgment was rendered that plaintiff bank take nothing against her, but that it recover a judgment against Geo. H. Daggett for the amount shown by the affidavit to be due, and foreclosed the attachment lien upon the property attached as against Geo. H. Daggett and also as against Mary H. Daggett.

[2-4] It is also shown by the record that the attachment issued and served in this case was an original or judicial attachment as contradistinguished to an auxiliary writ. An auxiliary writ when properly issued and served merely enables a plaintiff to hold pending final judgment property belonging to the defendant out of the proceeds of the sale of which he would be entitled to have his judgment satisfied; while a judicial attachment in a case like the one at bar performs the office of conferring jurisdiction of the court in which the creditor seeks satisfaction of his debt by seizing the debtor's property located within the state. In the case of a judicial attachment the proceeding is a direct one to give jurisdiction to the court both of the person and subject-matter in controversy to the extent of appropriating the property seized to the satisfaction of the judgment for money which the plaintiff recovers. · It is only by virtue of the statute authorizing proceedings by attachment that the court is empowered to decree the sale of the particular property which has been attached, but it is equally true that it is only by virtue of the finding of fact by the court that the relation· of creditor and debtor has been established by the testimony, together with the amount thereof. To authorize the issuance of an attachment, the law requires plaintiff to make an affidavit that the defendant is justly indebted to him and the amount of the demand, besides certain other matters not necessary to mention. This affidavit in effect states that the relation of creditor and debtor exists between the parties at the time the affidavit is made, and in a court of record the plaintiff's petition must allege the existence of this relation, and having alleged it, in order to recover a judgment in any sum, must prove the existence of such relation. Webster defines the word creditor thus:

"A person to whom a sum of money or other thing is due by obligation, promise or in law." Drake on Attachments (7th Ed.) § 12.

[5-8] In the case at bar the record shows the original plaintiff bank in the suit in the county court·failed to establish this relation to be in existence between it and Mary H. Daggett. It did establish this relation to exist between it and Geo. H. Daggett. Having attached certain property as belonging to the defendant, the county court had the authority to foreclose the lien created by the levy of the attachment on the property and to have it sold at public sale. At this sale the purchaser would acquire by virtue of· the attachment proceedings all the interest which the judgment debtor had in the property at the time the writ of attachment was levied thereon, but no more. If some one else was the owner of the property and Geo. H. Daggett had no interest in it, a purchaser at such ·sale would necessarily acquire none. This would be true, even though the judgment should have been rendered in a court of general jurisdiction, such as the district court. That the judgment debtor was not the owner of the· property attached could not be by any one, either a defendant or intervener, a subject of inquiry, since the office of an attachment could not extend beyond the interest of the defendant in the property, and, if he had no interest therein, no lien would attach thereto. Drake on Attachments (7th Ed.) § 196a.

[9, 10] If the contention which the plaintiffs in error present is a sound one, then the statement in the affidavit that the defendant is justly indebted to the bank is not a material one as to all of the defendants, but that it need only to be proven as against one of the defendants in order to justify the appropriation of the property of another defendant to the satisfaction of the debt proven. We do not think the statute means this. The record showing that the relation of creditor and debtor did not exist between the bank and Mary H. Daggett, the property of Mary H. Daggett could not be appropriated to the payment of the judgment against Geo. H. Daggett.

But it is also contended that, since Mary H. Daggett voluntarily appeared and answered in the case, the duty rested upon her to plead and prove that the property attached did not belong to Geo. H. Daggett, but, on the contrary, belonged to her. We cannot agree to this proposition, since to require her to do this would be to inject an affirmative issue in the case not presented by the pleadings of the original plaintiff. If a writ of attachment could not be abated on the ground that the defendant was not the owner of the property attached, then for a defendant who was not a debtor to the plaintiff to inject into the case this issue of fact by an answer would be to compel the court to take cognizance of the issue when presented by answer, when it could not acquire jurisdiction by a plea in

abatement. Drake on Attachments (7th Ed.) §§ 87a, 89b, 90, 196a.

[11] Jurisdiction is the power of the court to hear and determine the subject-matter in controversy between parties to a suit—to adjudicate, or exercise any judicial power over them. Rhode Island v. Massachusetts, 12 Pet. 657, 9 L. Ed. 1233; Grignon v. Astor, 2 How. 319, 11 L. Ed. 283; Drake on Attachments (7th Ed.) § 85.

Speaking of the power of courts to appropriate one's property by virtue of attachment proceedings, it is said in Drake on Attachments:

"Though everywhere here vested by statute, in courts of general jurisdiction its essential character is not thereby changed; to whatever description of court or officer its exercise is committed, it is still a special and limited power resting upon its own peculiar grounds, acting in its own prescribed modes, and leading to its own specific results." Drake on Attachments (7th Ed.) § 83.

In Meuley v. Zeigler, 23 Tex. 92, Justice Bell, in speaking of the office of a writ of attachment, says:

"It is only by virtue of the statute authorizing proceedings by attachment that the court is empowered to decree the sale of the particular property which has been attached. In decreeing the sale of the attached property, the court proceeds upon the evidence furnished by the officer's return, that the property is in fact the property of the defendant. It very seldom happens that evidence other than that furnished by the return upon the writ is produced to show to the court that the property which has been attached is the defendant's property. Where real property is ordered to be sold by the decree of the court, in suits by attachment, the return of the officer upon the writ becomes important, as a link in the chain of title of the purchaser, and, for this reason, the return should be certain in itself, and should also show that the property levied on was attached as the property of the defendant."

[12, 13] So in the case at bar it is presumed that the return of the officer executing the writ showed that the land in controversy was attached as the property of the defendants and that the court accepted this return as stating a fact necessary to confer jurisdiction upon it to foreclose the lien upon the property as the property of the defendant, meaning, of course, that particular one of the defendants who occupied the relation of debtor to the plaintiff, and authorizing the sheriff at the public sale to convey to the purchaser whatever interest this debtor defendant had in the property on the date the writ was levied thereon. And it is the levy which confers jurisdiction, since no personal judgment could be rendered against any defendant who did not appear and who was served as was Geo. H. Daggett in this case, notwithstanding the fact that the alleged indebtedness was the subject-matter of the suit.

However, the subject-matter of the suit is exclusively deducible from the plaintiff's petition. In substance this petition filed in the county court was that the relation of creditor and debtor existed between the plaintiff and the several defendants, all of whom were nonresidents. When Mary H. Daggett voluntarily appeared and filed her answer, she necessarily recognized the fact that the only subject-matter of that suit was the allegation that the relation of creditor and debtor existed between her and the plaintiff. She denied the existence of this relation in the formal answer and proved each allegation thereof. When she had done this, she had performed every duty required of her, and, had she attempted to do more, she would have then become a plaintiff herself and would have put the original plaintiff upon the defensive. We find this proposition of law to be conceded by the plaintiff in error bank in its brief filed in the Court of Civil Appeals, wherein the following language appears:

"Appellee concedes that, if appellant, when she answered in the original case filed in the county court of Erath county, Tex., had pleaded that the property in controversy was her separate property, and not subject to the debts of Geo. H. Daggett, her husband, she would have presented a question which that court could not decide, and any judgment of that court attempting to adjudicate that question would be void."

[14] Surely if such a pleading had been a vain one on the part of the defendant in error, no duty rested upon her to present such a question so foreign to the power of the court to adjudicate. Fisher & Weis v. Bogarth, 2 Willson, Civ. Cas. Ct. App. §§ 120, 121; Jaffray v. Meyer, 1 White & W. Civ. Cas. Ct. App. §§ 1350, 1351; Stansell v. Fleming, 81 Tex. 298, 16 S. W. 1033; Reddick v. Elliott (Tex. Civ. App.) 28 S. W. 43; Whitman v. Willis, 51 Tex. 426; Meyberg v. Steagall, 51 Tex. 354; Hillebrand v. McMahan, 59 Tex. 454; Ferguson v. Herring, 49 Tex. 129.

[15] The county court had jurisdiction of the person of the defendant Mary H. Daggett, and, in a sense, of the subject-matter, but was without jurisdiction to decree that her separate property be subjected to the payment of the judgment against another; she being in no way liable.

[16-19] From 15 R. C. L. at page 853, we quote as follows:

"While it is well settled that a judgment cannot be questioned collaterally for an error committed in the exercise of jurisdiction, the rule is equally well established that a judgment may be attacked in a collateral proceeding for error in assuming jurisdiction. Even where a court has jurisdiction over the parties and the subject-matter, yet if it makes a decree which is not within the powers granted to it by the law of its organization, its decree is void. Thus a judgment may be collaterally attacked where

the court had jurisdiction of the parties and subject-matter of the action, but did not have jurisdiction of the question which the judgment assumes to determine, or power to grant the particular relief which it assumes to afford to the litigants."

See, also, Chickamauga v. Lonas, 139 Tenn. 228, 201 S. W. 777, L. R. A. 1918D, 451; Sache v. Gillete & Wallace, 101 Minn. 169, 112 N. W. 386, 11 L. R. A. (N. S.) 803, 118 Am. St. Rep. 612, 11 Ann. Cas. 348, and cases there cited.

This judgment can be construed as having but one of two meanings. It either means that the court has decreed that execution may be levied on the property of one of the parties and the property sold to satisfy the debt of another, or that the court has determined and decreed that the property levied on is that of the party against whom judgment is rendered, or that he owns an interest therein, and that for this reason it is subject to sale under execution for the payment of the debt. If it be given the former construction, it is void as to the party held not to be liable for the debt, for the reason that no court has the power to decree that the property of one may be sold under execution to satisfy the debt of another. If it be given the latter construction, whether the judgment foreclosing the lien against the party not liable for the debt is valid or void depends upon the power of the court to determine the ownership of the property. If the court has this power, the judgment on collateral attack cannot be said to be void. If, on the other hand, the Constitution denies this power to the court rendering the judgment, an attempt to assume the power so denied is without authority of law, and no effect can be given the attempt to assume such power. We have, therefore, the question here squarely presented as to whether the county court has by the Constitution been denied the power to determine the ownership of land.

[20-22] Section 8 of article 5 of the Constitution provides that "the district court shall have original jurisdiction * * * of all suits for trial of title to land. * * *" And section 16 of said article provides that the county court "shall not have jurisdiction of suits for the recovery of land." It is clear that under these provisions the county court in all cases coming within its jurisdiction is denied the power to determine the title to land, unless an exception is contained in the Constitution from which it must be necessarily implied that it should have this power. Section 16 of this article also provides that the county court "shall have power to issue writs of injunctions, mandamus and all writs necessary to the enforcement of the jurisdiction of said court." It may issue writs of attachment on land for the reason that such writs are necessary to the enforcement of judgments rendered in the exercise of the jurisdiction conferred upon it. The issuance and levy of such writs of attachment create a lien on the interest owned by the defendant or defendants who may ultimately be held liable to the plaintiff by the judgment of the court. The law fixes a lien only on condition that liability is adjudged. If, on final adjudication, no liability is adjudged against a defendant, no lien attaches to the property owned by such defendant. And, where there are two or more defendants and only one is adjudged liable, the sale of the judgment debtor's property alone under attachment or other execution is authorized, and such sale has the effect to convey all interest owned by the judgment debtor in the property. It is not, therefore, necessary that the county court have power or jurisdiction to determine the title to land on which attachment has been levied to enforce satisfaction of a judgment rendered by it in the exercise of its jurisdiction.

[23] Had this judgment granted foreclosure as against George H. Daggett alone, a sale thereunder would have conveyed title to the land, if it was community property belonging to him and Mary H. Daggett. The court was without power to determine whether the land was their community property or the separate property of Mary H. Daggett, and the judgment on its face shows that the court has attempted to exercise a power denied it by the Constitution.

We recommend that the judgment of the Court of Civil Appeals reversing and remanding the cause be affirmed.

GREENWOOD and PIERSON, JJ. Judgment of the Court of Civil Appeals affirmed.