REBECCA NELSON, Appellant, v. BRYANT E. HIGGINS et al., Appellees.

MARCH 13, 1928.

REHEARING DENIED JUNE 26, 1928.

*S. B. Allen*, for appellant.

*G. F. Brooks*, for appellee.

MORLING, J.—Money judgment in the municipal court of Des Moines was entered in favor of plaintiff and against defendant Higgins, January 21, 1927. On March 2, 1927, motion was made to vacate, for irregularities in obtaining it. This was overruled, March 19, 1927. Motion in arrest, on the ground, in substance, that the petition did not allege facts sufficient to entitle plaintiff to recover, was filed March 21, 1927, and sustained April 4, 1927. This is the order appealed from.

The reason urged by defendant in support of this order is that the petition is founded on the Bulk Sales Law, "and alleges no condition upon which can be predicated any liability on the part of" the judgment defendant. The particular reasons are set out at length in argument, but need not be here related. It is sufficient to say that the motion in arrest is based on deficiency of allegation. Defendant relies on the doctrine of *Sache v. Wallace*, 101 Minn. 169 (112 N. W. 386), holding that that part of a judgment which was wholly outside of the allegations and prayer of the complaint was extra-judicial, without jurisdiction, and void. Within the doctrine of that case and the authorities there set out, there was here no such extra-judicial finding or judgment, and no want of jurisdiction.

The petition here alleges that plaintiff owned and sold to Mason an interest in a pharmacy business, whereby Mason was to pay plaintiff $500; that defendant Swallow assumed Mason's obligations, and took possession of the pharmacy; that Mason sold to "Higgins with full knowledge of the rights and interest of the said Bryant Higgins [plaintiff?] and the said property was sold *en masse*, and not in the due course of trade, and no notice was given this plaintiff of the intent to sell, as by law in such cases provided." By the prayer, the plaintiff asks judg-

674

ment against the defendants for $250. Higgins answered by general denial.

The petition plainly set out that plaintiff was the creditor originally of Mason, because of the sale of an interest in a pharmacy business to Mason. The petition shows that defendant Swallow assumed such obligations, took possession of the pharmacy, and sold to Higgins, without complying with the Bulk Sales Law. Defendant considered that the petition stated a cause of action. In his first motion to vacate, he set out irregularities consisting in statements made to the court "to the effect that the said defendant Bryant E. Higgins had taken certain goods and merchandise belonging to the said Rebecca Nelson which were by said Bryant Higgins mingled with his own property," and "was worth the sum of $50, while in truth and in fact the said Rebecca Nelson knew, or should have known, that the said Bryant E. Higgins had at said time no property whatever in his possession belonging to the said Rebecca Nelson;" and in his motion in arrest, he says that "said petition asked for relief under and by virtue of the provisions of the Bulk Sales Statute."

It cannot be claimed, therefore, that the cause of action on which the judgment was rendered was not within the allegations or prayer. Defendant argues that, if defendant "had been permitted to present his defense, which he lost by whatever misfortune intervened, he would have shown that he did not have any part of the stock in his possession * * * He would, in fact, have shown that the plaintiff, through her attorney, had been fully acquainted with, that he had bought a part of the stock * * * had immediately released it to the seller, and refused to take it. This fact is indicated by the first motion to set said default aside."

It cannot be claimed that the petition was insufficient to invoke the jurisdiction of the court to pass upon a cause of action set up under the Bulk Sales Law, or that it did not demand judgment upon such cause. If the cause of action as stated is defective in allegation, the remedy of the defendant is by motion or demurrer. He cannot stand by, allow judgment to be entered, and then later have the judgment set aside for want of jurisdiction because of merely defective pleading, as distinguished from absence of pleading and prayer.

Besides, motion in arrest must be made within five days after decision is rendered. Code of 1927, Sections 11551, 11556.

The motion in arrest assumes that there was a decision. That decision must have been when the judgment was rendered, January 21, 1927.—*Reversed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.